UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR CORTES-CASTILLO, <br> LEONEL CORTEZ-SUAREZ, <br> IVAN DELGADO-VALDEZ, and <br> IVAN DELGADO-SORIANO, <br><br> Plaintiffs, <br><br> v. <br><br> ONE TIME CONSTRUCTION <br> TEXAS LLC, ONE TIME <br> CONSTRUCTION, INC., and <br> SHAY FRETWELL, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:21-cv-2093 |

## ORIGINAL COMPLAINT

This is an action for unpaid wages brought pursuant to the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Texas Minimum Wage Act ("TMWA"), Texas Labor Code § 62 *et seq.*, breach of contract, the California Labor Code § 200 *et seq.*, and the California Business and Professions Code § 17200 *et seq*. Plaintiffs Edgar Cortes-Castillo, Leonel Cortez-Suarez, Ivan Delgado-Valdez, and Ivan Delgado-Soriano worked as construction laborers for Defendants' residential construction company. Defendants did not pay Plaintiffs the required overtime pay, even though they regularly worked between forty-two and fifty-five hours per week, and sometimes more. In addition, Defendants failed to pay Plaintiffs at all for several weeks of their work, resulting in minimum wage violations and breach of their employment contracts.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the state law claims are so closely related to the federal claim that they form part of the same case or controversy.

2. This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

4. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. Plaintiff Edgar Cortes-Castillo is an individual residing in Hood County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A) and TMWA (*see* Exhibit B).

6. Plaintiff Leonel Cortez-Suarez is an individual residing in Bosque County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A) and TMWA (*see* Exhibit B).

7. Plaintiff Ivan Delgado-Valdez is an individual residing in Hood County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A) and TMWA (*see* Exhibit B).

8. Plaintiff Ivan Delgado-Soriano is an individual residing in Hood County, Texas and has consented to the filing of this action for violations of the FLSA (*see* Exhibit A) and TMWA (*see* Exhibit B).

9. Defendant One Time Construction Texas LLC is a limited liability company based in Texas. Defendant can be served through its registered agent, Registered Agents, Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

10. Defendant One Time Construction, Inc. is a California corporation. Defendant can be served through its registered agent, Shay Fretwell, at 4033 Lazy Bend Road, Millsap, Texas 76066.

11. Defendant Shay Fretwell is an individual residing in Parker County, Texas and may be served at his residential address, at 4033 Lazy Bend Road, Millsap, Texas 76066.

## FACTS

12. At all times relevant to this action, Defendant Fretwell has been the sole officer and director of Defendant One Time Construction, Inc. ("Defendant One Time (CA)"), which is a residential construction business.

13. Defendant Fretwell initially hired each Plaintiff in California by and through Defendant One Time (CA). He hired each Plaintiff between approximately 2002 and September 2018 to perform residential construction labor.

14. In approximately November 2018, Defendant Fretwell relocated his business operations to Texas, asking that Plaintiffs accompany him to continue working for his construction business. Plaintiffs did.

15. On or about January 2, 2019, Defendant Fretwell formed Defendant One Time Construction Texas LLC ("Defendant One Time (TX)"), of which Defendant Fretwell is one of two Managing Members.

16. At all times relevant to this lawsuit, Plaintiffs were "employees" of Defendant Fretwell as that term is defined in 29 U.S.C. § 203(e), § 62.002(5) of the Texas Labor Code, the California Labor Code, and California Industrial Welfare Commission ("IWC") Wage Order No. 16.

17. As set forth below, Defendant Fretwell has violated or caused to be violated the provisions of IWC Wage Order No. 16 as well as California Labor Code §§ 203 and 1194. *See* Cal. Lab. Code § 558.1. As such, he is personally liable for the Wage Order and California Labor Code violations cited below.

18. From their dates of hire until approximately January 2, 2019, Plaintiffs were also "employees" of Defendant One Time (CA) as that term is defined in 29 U.S.C. § 203(e), the California Labor Code, and IWC Wage Order No. 16.

19. Beginning on or before January 2, 2019, Plaintiffs were also "employees" of Defendant One Time (TX) as that term is defined in 29 U.S.C. § 203(e) and § 62.002(5) of the Texas Labor Code.

20. At all times relevant to this lawsuit, Plaintiffs were employed by an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s)(1).

21. At all times relevant to this action, Defendants' business had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce, by any person.

22. In performing their construction work, Plaintiffs handled goods imported from other countries and states, such as construction tools, materials, and equipment including, for example, Bosch power tools, ScotchBlue tape, and Quikrete concrete.

23. At all times relevant to this action, Defendants' business had an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

24. At all times relevant to this lawsuit, Defendant Fretwell was a member and/or officer of, and had operational control over, Defendants One Time (CA) and One Time (TX).

25. At all times relevant to this lawsuit, Defendant Fretwell exercised control over the terms and conditions of Plaintiffs' employment. For example, Defendant Fretwell hired Plaintiffs, set their rates and methods of pay, assigned their work, collected their timesheets, and issued their paychecks.

26. Throughout the relevant period, Plaintiffs regularly worked between forty-two and fifty-five hours per week for Defendants, and sometimes more. Plaintiffs generally worked six days per week, frequently working between seven and ten hours per day.

27. Defendants paid Plaintiffs on an hourly basis. During the relevant period, Defendants paid each Plaintiff between approximately fifteen and twenty dollars per hour.

28. Defendants normally paid Plaintiffs semi-monthly, but did not always adhere to this schedule.

29. Throughout the relevant period, Defendants never paid Plaintiffs the required overtime rate of time-and-one-half pay for hours they worked in excess of 40 hours each

workweek. Instead, Defendants paid Plaintiffs only their regular hourly rate (their "straight time" rate), regardless of how many hours they worked in a workweek.

30. While in California, Defendants Fretwell and One Time (CA) never paid Plaintiffs the required overtime rate of time-and-one-half pay for hours they worked in excess of eight hours each workday. Instead, Defendants Fretwell and One Time (CA) paid Plaintiffs only their regular hourly rate (their "straight time" rate), regardless of how many hours they worked in a workday.

31. At all times relevant to this action, there was a continuity of operations between and among Defendants One Time (CA) and One Time (TX). Each business organization operated a residential construction company, helmed by the same individual, offering the same or substantially similar services, and using the same equipment and workers to staff its projects, regardless of which name the construction company operated under at any given time.

32. Upon information and belief, Defendant One Time (CA) does not have sufficient resources to pay the damages owed to Plaintiffs under the FLSA and California state law.

33. By virtue of the continuity of operations between both Defendants One Time (CA) and One Time (TX), Defendant One Time (TX) was on notice of the FLSA and California state law violations committed by Defendant One Time (CA) when it assumed ownership and operational control over the construction company.

34. Additionally, beginning around February 2020, Defendants Fretwell and One Time (TX) began falling behind in paying Plaintiffs. Instead of paying even the straight time rate for all hours worked, these Defendants began making only partial payments, and making them irregularly. Nonetheless, given Defendant Fretwell's repeated promise that he would pay them in full, Plaintiffs continued working for Defendants Fretwell and One Time (TX).

35. As a result of Defendants Fretwell and One Time (TX)'s sporadic and partial payments, for several weeks between approximately February 2020 and July 2020, Defendants did not pay Plaintiffs at all or paid Plaintiffs below the minimum wage for each hour worked.

36. Furthermore, during this period, Defendants Fretwell and One Time (TX) also failed to reimburse Plaintiff Delgado-Valdez for certain materials that he purchased for Defendants' benefit, and for which Defendants Fretwell and One Time (TX) had promised reimbursement to Plaintiff Delgado-Valdez.

37. Despite Plaintiffs' requests for payment, Defendants have failed to pay Plaintiffs the amount owed. More than thirty days have elapsed since Plaintiffs' demand for payment.

38. At all times relevant to this lawsuit, Defendants knowingly, willfully, or with reckless disregard, carried out their illegal pattern or practice of failing to pay minimum wage and overtime compensation due to Plaintiffs.

## FIRST CAUSE OF ACTION
### (FLSA Minimum Wage and Overtime)

39. The above-described actions by Defendants violated Plaintiffs' overtime pay rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

40. The above-described actions by Defendants Fretwell and One Time (TX) violated Plaintiffs' minimum wage rights under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, for which Plaintiffs are entitled to relief pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (Breach of Contract)

41. The above-described actions by Defendants Fretwell and One Time (TX) violated Plaintiffs' right to receive their promised wages for all hours worked and receive promised

reimbursements, for which Plaintiffs are entitled to relief pursuant to the common law of Texas, including reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.

42. Plaintiffs have fulfilled all prerequisites and/or requirements to bringing this suit and obtaining the relief sought herein.

### THIRD CAUSE OF ACTION
### (Texas Minimum Wage Act)

43. The above-described actions by Defendants Fretwell and One Time (TX) violated Plaintiffs' minimum wage rights under the TMWA, for which Plaintiffs are entitled to relief pursuant to Texas Labor Code § 62.201 and § 62.205.

### FOURTH CAUSE OF ACTION
### (California Overtime Violations)

44. The above-described actions by Defendants Fretwell and One Time (CA) violated Plaintiffs' right to overtime compensation as required by California Labor Code § 510 and the IWC Wage Orders for the time periods during which Plaintiffs were employed in California. California Labor Code § 510 and Wage Order 16 § 3(A)(1) require that an employee shall be compensated for overtime at no less than one and a half times the employee's regular rate of pay for all hours worked in excess of eight hours in a day up to and including twelve hours in a day, or for the first eight hours on the seventh day of work in a workweek, or in excess of forty hours in any workweek. In addition, an employee shall be compensated at no less than twice the employee's regular rate of pay for any hours worked in excess of twelve hours in a day, or in excess of eight hours on the seventh day of work in a workweek.

45. California Labor Code § 1194 entitles an employee receiving less than the legal overtime compensation to recover in a civil action the unpaid balance of the full amount of this overtime compensation, including interest, reasonable attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION
### (Violations of California Unfair Competition Law)

46. Through their acts and omissions alleged above, Defendants Fretwell and One Time (CA) committed unlawful acts that violated California Business and Professions Code § 17200, *et seq.* (the "Unfair Competition Law" or "UCL") while they employed Plaintiffs in California.

47. Defendants Fretwell and One Time (CA)'s unlawful acts include, but are not limited to, violations of California Labor Code §§ 201-203, 510, 1194 and the IWC Wage Orders.

48. California Business & Professions Code § 17200 prohibits unfair competition in the form of any "unlawful, unfair, or fraudulent business act or practice." Violations of any federal, state, or local law are independently actionable as unlawful business practices and can therefore serve as the basis for a UCL cause of action. (*See* California Bus. and Prof. Code § 17200.)

49. California Business & Professions Code § 17204 allows "a person who has suffered an injury in fact and has lost money or property" as a result of an unfair business practice to bring a UCL claim.

50. As described above, Defendants Fretwell and One Time (CA) failed to provide Plaintiffs with overtime pay to which they were entitled while employed in California. Defendants thereby committed unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of the UCL.

51. As a direct and proximate result of Defendants Fretwell and One Time (CA)'s unlawful, unfair, and/or fraudulent acts and practices, Plaintiffs have suffered an injury in fact and continue to suffer a loss of money, including, but not limited to, their unpaid overtime wages. Defendants Fretwell and One Time (CA) held and continue to hold unpaid wages legally belonging to Plaintiffs. Defendants Fretwell and One Time (CA) have profited from their unlawful, unfair, and/or fraudulent acts and practices.

52. Pursuant to California Business & Professions Code § 17203, Plaintiffs are entitled to restitution of money unlawfully withheld by Defendants in an amount to be determined at trial, as well as interest, injunctive relief, and attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### (California Waiting Time Penalties)

53. If an employer discharges an employee, California Labor Code § 201 requires the employer immediately pay the employee all wages earned and unpaid at the time of the discharge. If an employee quits his or her employment, and does not give 72 hours notice, California Labor Code § 202 requires the employer to pay the employee all wages earned and unpaid within 72 hours of the employee quitting.

54. California Labor Code § 203 provides that if an employer willfully fails to pay all compensation as required by Labor Code §§ 201 or 202, then the employer is liable for waiting time penalties, in the form of payment of continued compensation to the former employee for each day the wages remain unpaid, up to thirty (30) days.

55. Plaintiffs are still owed their unpaid overtime wages from Defendant One Time (CA).

56. Defendant One Time (CA) willfully failed to pay Plaintiffs all compensation when it ceased employing them, as required by either California Labor Code §§ 201 or 202, and Defendant therefore violated California Labor Code § 203.

57. As a result, Plaintiffs are entitled to recover waiting time penalties pursuant to Labor Code § 203, in the amount equivalent to thirty days' wages, plus interest, the exact amount to be determined at trial.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing, the Court grant Plaintiffs relief as follows:

a. Declare all Defendants in violation of the Fair Labor Standards Act;

b. Declare Defendants Fretwell and One Time Construction Texas LLC in violation of the Texas Minimum Wage Act and in breach of contract;

c. Declare Defendants Fretwell and One Time Construction, Inc. in violation of the California Labor Code, the California Business and Professions Code, and the California Unfair Competition Law;

d. Find that Defendant One Time Construction Texas LLC is liable for the FLSA and California state law violations of Defendant One Time Construction, Inc. as a successor of Defendant One Time Construction, Inc.;

e. Award Plaintiffs their unpaid overtime wages;

f. Award Plaintiffs their unpaid minimum wages;

g. Award Plaintiffs liquidated damages in an amount equal to their unpaid minimum and overtime wages;

h. Award Plaintiffs their unpaid contract wages;

i. Award Plaintiffs their waiting time penalties, in an amount to be determined at trial, for Defendant One Time Construction, Inc.'s willful failure to pay wages owed at the end of Plaintiffs' employment, pursuant to California Labor Code §§ 201, 202, and 203;

j.  Award Plaintiffs reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), Texas Labor Code § 62.205, Chapter 38 of the Texas Civil Practice and Remedies Code, California Labor Code §§ 218.5 and 1194, and California Business and Professions Code § 17200, *et seq.*;

k.  Award Plaintiffs Pre-Judgment and Post-Judgment interest, as provided by law; and

l.  Such other relief as this Court deems just and proper.

Respectfully submitted,

By: EQUAL JUSTICE CENTER

/s/ Caitlin Boehne
**CAITLIN BOEHNE**
Texas State Bar No. 24075815
Email: cboehne@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
314 E. Highland Mall Blvd., Ste. 401
Austin, Texas 78752
Tel.: (512) 474-0007 ext-110
Fax: (512) 474-0008

**SHANA KHADER**
Texas State Bar No. 24099860
Email: skhader@equaljusticecenter.org

**EQUAL JUSTICE CENTER**
1250 W. Mockingbird Ln., Ste. 455
Dallas, Texas 75247
Tel.: (469) 228-4233

**ATTORNEYS FOR PLAINTIFFS**