IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR CORTES-CASTILLO, <br> LEONEL CORTEZ-SUAREZ <br> IVAN DELGADO-VALDEZ, and <br> IVAN DELGADO- SORIANO, <br><br> *Plaintiffs* <br><br> v. <br><br> ONE TIME CONSTRUCTION <br> TEXAS LLC, ONE TIME <br> CONSTRUCTION, INC., and <br> SHAY FRETWELL, <br><br> *Defendants.* | § § § § § § § § § § § § § § § § | CASE NO. 3:21- cv- 2093- BH |

**PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND
RECOVERABLE EXPENSES**

Plaintiffs file this Motion for Attorney's Fees and Recoverable Expenses under Federal Rule of Civil Procedure 54(d)(2) and Local Rule CV-54, following this Court's Judgment issued on July 17, 2023 (doc. 61, 62). Plaintiffs request $140,438.00 in attorney's fees and $7,479.75 in recoverable expenses, for a total fee award of $147,917.75.

**TABLE OF CONTENTS**

I.   Introduction and Procedural History ........................................................................................ 5

II.  Attorney's Fees in FLSA Cases, under Chapter 38 of the Texas Civil Practice and Remedies Code, and under California labor laws. ........................................................................................ 6

III. Lodestar Calculation ................................................................................................................ 7

   A. Plaintiffs have requested a reasonable hourly rate. ............................................................. 7

      1. Attorney's declarations support the requested rates. ....................................................... 8

      2. Supporting declarations support the requested rates. ..................................................... 9

      3. Standard hourly rates charged to clients support the requested rates. ........................... 10

      4. Rates from previous fee awards must be increased to account for inflation and increased experience. ........................................................................................................................ 10

      5. The requested rates are calibrated to other recent fee awards in employment cases in the Northern District of Texas and throughout Texas. ............................................................. 12

      6. Plaintiffs are entitled to fees for paralegals and law student clerks. .............................. 13

   b. The requested fee award demonstrates hours reasonably expended. ................................. 14

      1. Plaintiffs' attorneys reasonably and necessarily handled time-intensive tasks in this case. ................................................................................................................................... 14

      2. Plaintiffs' attorneys have already exercised sound billing judgment to reduced their actual hours expended. ...................................................................................................... 14

      3. Plaintiffs are entitled to fees for work that developed all of their claims. ..................... 15

      4. Plaintiffs are entitled to recovery of nontaxable expenses. ............................................ 16

IV. Johnson Factors ...................................................................................................................... 16

   A. Plaintiffs do not seek an enhancement and a reduction is not warranted. .......................... 17

   B. Proportionality to the amount involved. ............................................................................. 17

   C. Degree of success. .............................................................................................................. 18

V.  CONCLUSION ....................................................................................................................... 19

**TABLE OF AUTHORITIES**

**Cases**

*Almond v. PJ Far Rockaway, Inc.*, 1:15-CV-06792-FB-JO, 2018 WL 922184 (E.D.N.Y. Feb. 15, 2018) ................................................................................................................................. 12
*Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542 (7th Cir. 2009) ............................ 18
*Arevalo v. Oregon Dept. of Vehicles*, CV 00-263-BR, 2002 WL 1291325 (D. Or. Mar. 28, 2002) ................................................................................................................................................. 12
*Barrow v. Falck*, 977 F.2d 1100 (7th Cir. 1992) ......................................................................... 18
*Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.) ................................................................................................................................................ 7
*Black v. SettlePou, P.C.*, 732 F.3d 492 (5th Cir. 2013) ..................................................... 6, 7, 17
*Blum v. Stenson*, 465 U.S. 886 (1984) .......................................................................................... 7
*Cent. Sw. Texas Dev., LLC v. JPMorgan Chase Bank, Nat. Ass'n*, A-09-CA-819-SS, 2012 WL 11937377 (W.D. Tex. Aug. 21, 2012) ...................................................................................... 11
*City of Burlington v. Dague*, 505 U.S. 557 (1992) ..................................................................... 17
*Clark v. Centene Corp.*, A-12-CA-174-SS, 2015 WL 6962894 (W.D. Tex. Nov. 10, 2015) ...... 14
*Dillard v. City of Greensboro*, 213 F.3d 1347 (11th Cir. 2000) ................................................. 10
*Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994) ........................................................................ 18
*Gurule v. Land Guardian, Inc.*, 912 F.3d 252 (5th Cir. 2018) .................................................... 17
*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ................................................................................ 18
*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). ....................................................................... 15
*Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341 (5th Cir. 2007) ..................... 17
*In re: 4 West Holdings, Inc.*, No. 18-30777 (Bankr. N.D. Tex. Dallas) ....................................... 14
*Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989)) ............ 8
*Islamic Ctr. of Mississippi, Inc. v. City of Starkville, Miss.*, 876 F.2d 465 (5th Cir. 1989) .......... 11
*Jacobs v. Mancuso*, 825 F.2d 559 (1st Cir. 1987) ...................................................................... 13
*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) ................................. 16
*Johnson v. Sw. Rsch. Inst.*, No. CV-5:15-297, 2019 WL 4003106, at *7 (W.D. Tex. Aug. 23, 2019), ......................................................................................................................................... 10
*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995) .............................................. 10
*Lopez v. Eats*, 2023 U.S. Dist. LEXIS 111061 (N.D. Tex., June 28, 2023)( .............................. 16
*Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) .......................................................... 18
*Millea v. Metro-North Railroad Co.*, 658 F.3d 154 (2d Cir. 2011) ............................................. 18
*Missouri v. Jenkins*, 491 U.S. 274 (1989) ............................................................................ 11, 13
*Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711 (1987) ................................ 11
*Robinson v. Linder*, 9:08-CV-1, 2009 WL 10708332 (E.D. Tex. Mar. 17, 2009) ....................... 11
*Ruiz v. Estelle*, 553 F. Supp. 567 (S.D. Tex. 1982) .................................................................... 12
*Sierra Club v. Energy Future Holdings Corp.*, No. W-12-CV-108, 2014 WL 12690022 (W.D. Tex. Aug. 29, 2014) ...................................................................................................................... 8
*Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003) ............................................ 6, 17, 18
*Solferini as Tr. of Corradi S.p.A. v. Corradi USA, Inc.*, No. 4:18-CV-293-ALM, 2021 WL 5415293 (E.D. Tex. Nov. 19, 2021) ......................................................................................... 11
*Spanish Action Committee v. City of Chicago*, 811 F.2d 1129 (7th Cir.1987) ........................... 13
*Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir.1999) ........................................ 18
*Veasey v. Abbott*, No. 2:13-CV-193, 2020 WL 9888360, at *16 (S.D. Tex. May 27,

2020), *aff'd*, 13 F.4th 362 (5th Cir. 2021) ............................................................................. 11, 12

**Statutes**
§§ 218.5................................................................................................................................... 5
1194......................................................................................................................................... 5
29 U.S.C. § 216(b) ........................................................................................................... 5, 6, 7
California Business and Professions Code § 17200, *et seq.*," ...................................................... 5
Chapter 38 of the Texas Civil Practice and Remedies Code, ................................................ 2, 5, 6

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiffs filed the lawsuit on September 1, 2021 (doc. 1) against Defendants One Time Construction Texas LLC (OTTX), One Time Construction, Inc. (OTCA), and Shay Fretwell. Plaintiffs are four individuals who asserted claims against Defendants related to Defendants' failure to pay promised wages during their employment as construction laborers. Plaintiffs brought claims under the Fair Labor Standards Act for minimum wage and overtime violations, for breach of contract, and additional claims against OTCA and Fretwell for failure to pay overtime wages in violation of California Labor Code § 510, California Industrial Welfare Commission (IWC) Wage Order No. 16 (Wage Order 16), and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, and for failure to pay wages upon termination of employment in violation of California Labor Code § 203. (doc. 1). Additionally, Defendants OTTX and Fretwell asserted counterclaims for breach of contract against Plaintiffs for alleged damages caused related to Plaintiffs' work for Defendants.

This case proceeded to a bench trial on October 3-5, 2022 (*see* docs. 52-54). The Court entered a Memorandum Opinion and Order finding that Plaintiffs are entitled to relief on their claims under the FLSA, for breach of contract, and for their claims against OTCA and Fretwell for violations of California Labor Code § 510, Wage Order 16, and the UCL. The Court found that the FLSA violations were not willful under the FLSA or under California's waiting time laws. (doc. 61, p. 20-21, 38-39). The Court further found that Defendants are not entitled to relief on their counterclaim. (doc. 61, p. 45). The Court found that Plaintiffs are entitled to recover a total of $64,303.31. (doc. 61, p. 45). The Court entered a Final Judgment on July 17, 2023. (doc. 62).

The Court's Order recognized that "Plaintiffs also request attorney's fees and costs under 29 U.S.C. § 216(b), Chapter 38 of the Texas Civil Practice and Remedies Code, California Labor Code §§ 218.5 and 1194, and California Business and Professions Code § 17200, *et seq.*," and

order that "[a]n appropriate fee award is calculated using the lodestar method," and that "Plaintiffs may therefore seek attorney's fees and costs under Federal Rule of Civil Procedure 54(d)(2)." (doc. 61, p. 44).

## II. ATTORNEY'S FEES IN FLSA CASES, UNDER CHAPTER 38 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE, AND UNDER CALIFORNIA LABOR LAWS.

The Fair Labor Standards Act ("FLSA") provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

"Fee awards are mandatory for prevailing plaintiffs in FLSA cases." *Castro v. Precision Demolition LLC*, 3:15-CV-0213-D, 2017 WL 6381742, at *2 (N.D. Tex. Dec. 14, 2017) (citing *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("[A]n employer who violates the [FLSA] is . . . required to pay attorney's fees.")); *see also, Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) ("The FLSA requires an employer who violates the statute to pay attorney's fees).

Chapter 38 of the Texas Civil Practice and Remedies Code entitles plaintiffs to recover from defendants, in addition to the amount of their valid claim and court costs, their reasonable and necessary attorney's fees and expenses for a breach of contract claim. *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 57 (Tex. 2008).

Plaintiffs are further entitled to recovery of attorneys' fees related to their claims under California Labor Code §§ 218.5 and 1194. "An award of reasonable attorney's fees to the prevailing party is mandatory." *Drumm v. Morningstar*, 695 F.Supp.2d 1014, 1022-23 (9th Cir. 2010). Courts use the lodestar method to assess reasonable attorney's fees and a reduction from the lodestar is appropriate "only when a plaintiff has achieved limited success or has failed with respect to distinct and unrelated claims." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d

815, 827-828 (5th Cir. 2009).

### III.  LODESTAR CALCULATION

The Fifth Circuit "use[s] the lodestar method to calculate an appropriate attorney's fee award under the FLSA. *Black*, 732 F.3d at 502. "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for [the] work." *Id.*

To date, Plaintiffs' attorneys have recorded a total of 404.9 hours litigating this matter. *See* Declaration of Christopher J. Willett, attached hereto as Exhibit A; Declaration of Javier Perez, attached hereto as Exhibit B. However, after writing off entries in the exercise of billing judgment, Plaintiffs have reduced their requested number of hours by approximately 19 percent and have calculated the requested lodestar to be $140,438.00 (plus expenses of $7,479.75, totaling $147,917.75). *Id.* This amount includes the following hours and rates:

- Christopher Willett: 94.2 hours at a rate of $485 per hour (Attorney).
- Caitlin Boehne: 141.7 hours at a rate of $440 per hour (Attorney).
- Javier Perez: 37.9 hours at a rate of $450 per hour (Attorney).
- Shana Khader: 18.1 hours at a rate of $450 per hour (Attorney).
- Samantha Acuna: 9.8 hours at a rate of $260 per hour (Law School Graduate).
- Alex Doney: 18.6 hours at a rate of $175 per hour (Law School Clerk).
- Stephanie Ramirez: 8 hours at a rate of $175 per hour (Paralegal).

#### A.  Plaintiffs have requested a reasonable hourly rate.

"To determine the lodestar, the court first considers whether the requested hourly rates are reasonable." *Castro*, 2017 WL 6381742, at *3. "The hourly rates to be used in the lodestar calculation are determined by 'the prevailing market rates in the relevant community.'" *Barrow v. Greenville Indep. Sch. Dist.*, 2005 WL 6789456, at *15 (N.D. Tex. Dec. 20, 2005), *aff'd*, 2007 WL 3085028 (5th Cir. Oct. 23, 2007) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The

requested rates must be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n. 11.

The Fifth Circuit has held that when counsel's billing rate "is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Sierra Club v. Energy Future Holdings Corp.*, No. W-12-CV-108, 2014 WL 12690022, at *6 (W.D. Tex. Aug. 29, 2014) (quoting *Islamic Ctr. of Miss., Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 469 (5th Cir. 1989)).

### 1. Attorney's declarations support the requested rates.

Mr. Willett's and Mr. Perez's declarations establish their skill, experience, and reputations in employment litigation, particularly under the Fair Labor Standards Act and related litigation.

Mr. Willett has been licensed to practice law in Texas since 2009 and has worked exclusively in employment law since then. Ex. A, ¶ 3. He is a managing senior attorney at the Equal Justice Center, and served as an adjunct professor for the Transnational Worker Rights Clinic at the University of Texas School of Law, and has presented lectures on employment law at several conferences. Ex. A, ¶ 3.

Mr. Perez is an experienced employment attorney who has practiced employment law since he was licensed in 2012. Ex. B. ¶¶6, 12. Mr. Perez is Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2019. *Id.*, ¶ 13. Mr. Perez's declaration details his credentials and experience. *Id.*

Mr. Willett's declaration sets for the credentials for EJC staff, including attorneys Caitlin Boehne and Shana Khader, law school graduate Samantha Acuna, law student Alex Doney, and paralegal Stephanie Ramirez. Ms. Boehne has been licensed to practice law in Texas since 2012, and worked at the Equal Justice Center from 2012 until June 2023. Ex. A, ¶ 5. Ms. Boehne represented the four Plaintiffs in this matter through trial and the post-trial briefing until June 2023.

Ms. Boehne currently practices employment law in private practice in Austin, Texas, where she continues to represent workers. Id. Ms. Khader has been licensed to practice law since 2012, and in Texas since 2016. She worked at the Equal Justice Center as a senior managing attorney and represented the four Plaintiffs at the beginning of this litigation until she transferred to a new position in private practice. Id., ¶5.  Ms. Acuna worked on this case as an unlicensed law school graduate after graduating from law school in May 2022. Ms. Acuna works at the Equal Justice Center as part of a public interest fellowship. Id., ¶ 7. Ms. Acuna attended trial and worked on the post-trial briefing. Id.. Ms. Doney worked on this matter as a third-year law student and worked on the post-trial briefing; she graduated from law school in May 2023. Id., ¶8. Ms. Ramirez worked on this matter as a paralegal for the Equal Justice Center. Id., ¶ 6. Ms. Ramirez worked on this matter as a paralegal until June 2022, at which time she had five years of experience as a paralegal. Id

Mr. Willett and Mr. Perez establish that they are familiar with the customary hourly rates of attorneys and support staff in employment litigation in the Northern District and throughout Texas. Ex. A, ¶ 9, Ex. B, ¶ 22. Plaintiffs' counsel testify that the following requested rates are reasonable compared to attorneys of comparable skill, experience, and reputation in employment litigation in the Northern District of Texas:

- Christopher Willett: $485 per hour (Attorney).
- Caitlin Boehne: $440 per hour (Attorney).
- Javier Perez: $450 per hour (Attorney).
- Shana Khader: $450 per hour (Attorney).
- Samantha Acuna: $260 per hour (Law School Graduate).
- Alex Doney: $175 per hour (Law School Clerk).
- Stephanie Ramirez: $175 per hour (Paralegal).

### 2. Supporting declarations support the requested rates.

The declarations of Aaron Johnson and Austin Kaplan, experienced Texas employment

attorneys, are attached as Exhibits C and D. Mr. Johnson and Mr. Kaplan's declarations establish their credentials and experience that make them familiar with the rates customarily charged by attorneys of comparable skill, expertise, and experience in the Northern District and throughout Texas. Ex. C, ¶ 7, Ex. D, ¶ 7. Their declarations demonstrate their knowledge of Plaintiffs' attorneys, and testify to the reasonableness of the requested rates. Ex. C, ¶¶ 3-7; Ex. D, ¶¶ 4-7.

### 3. Standard hourly rates charged to clients support the requested rates.

Courts consider the rates an attorney actually charges other clients as especially probative evidence of the reasonable rate. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) ("To determine reasonable rates, a court considers the attorneys' regular rates . . . ."); *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354 (11th Cir. 2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate."); *Johnson v. Sw. Rsch. Inst.*, No. CV-5:15-297, 2019 WL 4003106, at *7 (W.D. Tex. Aug. 23, 2019), *appeal dismissed*, No. 19-50845, 2020 WL 1188100 (5th Cir. Jan. 14, 2020) (finding fact that attorney Colin Walsh charges $585 per hour to paying clients supports its reasonableness).

As detailed in the declarations, Ms. Boehne is currently in private practice and offers an hourly rate of $575 for clients who pay in advance without regard to the outcome. Ex. D, ¶ 5. Similarly, Mr. Perez offers an hourly rate of $450 for clients. Ex. B, ¶ 22. As described by Mr. Johnson, the requested rates are not only reasonable, but below the market rates charged by many attorneys of comparable skill, expertise, and experience in employment litigation in the Northern District of Texas. Ex. C, ¶ 8.

### 4. Rates from previous fee awards must be increased to account for inflation and increased experience.

To the extent previous awards or evidence of market rates from previous years are used to determine the relevant market rates in this matter, the Court must update the rates to present value.

The Supreme Court has repeatedly held that:

> When plaintiffs' entitlement to attorney's fees depends on success, their lawyers are not paid until a favorable decision finally eventuates . . . . Meanwhile, their expenses of doing business continue and must be met. In setting fees for prevailing counsel, the courts have regularly recognized the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value.

*Pennsylvania v. Delaware Valley Citizens' Council*, 483 U.S. 711 (1987). "[A]ttorney's fees . . . are to be based on market rates for the services rendered. Clearly, compensation received several years after the services were rendered . . . is not equivalent to the same dollar amount received reasonably promptly as the legal services are performed, as would normally be the case with private billings." *Missouri v. Jenkins*, 491 U.S. 274, 283 (1989) (internal citations omitted). Therefore, if a "court calculate[s] the lodestar using historical billing rates . . . the court should compensate for belated payment by increasing the lodestar by the rate of inflation . . . ." *Islamic Ctr. of Mississippi, Inc. v. City of Starkville, Miss.*, 876 F.2d 465, 473 (5th Cir. 1989). This is especially true in a period of high inflation like the U.S. economy is currently experiencing. *See, e.g., Solferini as Tr. of Corradi S.p.A. v. Corradi USA, Inc.*, No. 4:18-CV-293-ALM, 2021 WL 5415293, at *5 (E.D. Tex. Nov. 19, 2021) (finding increases of up to $100 in a two-year span reasonable).

The requirement to adjust rates for inflation is not limited to litigation spanning several years, but naturally applies anytime a court seeks to determine current market rates based on evidence or awards from previous years.[1]

---

[1] *See, e.g., Veasey v. Abbott*, No. 2:13-CV-193, 2020 WL 9888360, at *16 (S.D. Tex. May 27, 2020), *aff'd*, 13 F.4th 362 (5th Cir. 2021) (reviewing previous awards and noting that "[s]ome are so dated that they support a current hourly rate of over $100 more than the amounts awarded, due to the inflation factor alone"); *Cent. Sw. Texas Dev., LLC v. JPMorgan Chase Bank, Nat. Ass'n*, A-09-CA-819-SS, 2012 WL 11937377, at *17 (W.D. Tex. Aug. 21, 2012) (considering rate found by same court from previous year and increasing due to inflation, among other factors); *Robinson v. Linder*, 9:08-CV-1, 2009 WL 10708332, at *5 (E.D. Tex. Mar. 17, 2009) (considering fee award

The U.S. Department of Labor's Bureau of Labor Statistics publishes a Consumer Price Index (CPI), which "is a measure of the average change over time in the prices paid by urban consumers for a market basket of consumer goods and services."[2] The CPI has measured the price of legal services, specifically, since 1986.[3] "Inflation-related differentials can be calculated through the United States Bureau of Labor Statistics." *Veasey*, 2020 WL 9888360, at *16 n. 24 (citing the agency's publicly available tool for calculating the current value of historic rates given inflation as measured by the CPI's measure of the price of legal services, *available at* https://www.officialdata.org/Legal-services/price-inflation).

Finally, "the passage of time not only triggers inflation adjustments, it represents additional time in which the attorney has gained more experience and skill, justifying higher rates." *Veasey*, 2020 WL 9888360, at *16 n. 24. Mr. Willett's declaration identifies previous fee awards to himself, Ms. Boehne, and Ms. Khader with the Equal Justice Center at the rates they requested in prior years. Ex. A, ¶ 11. In this motion, they seek a higher hourly rate to account for the passage of time, inflation, and their increased experience and skill.

**5. The requested rates are calibrated to other recent fee awards in employment cases in the Northern District of Texas and throughout**

---

to same attorney five years earlier and approving increase from $300 to $400, finding that rates reasonably "would increase over time, due to inflation and, perhaps, counsel's reputation in the field"); *Ruiz v. Estelle*, 553 F. Supp. 567, 591 (S.D. Tex. 1982) (finding rates from previous awards "out of date, simply because of inflation"); *Almond v. PJ Far Rockaway, Inc.*, 1:15-CV-06792-FB-JO, 2018 WL 922184, at *2 (E.D.N.Y. Feb. 15, 2018) (awarding higher rate than in previous cases and noting that "several years ha[d] passed . . . and attorney's fees, like other goods and services, increase in cost with inflation"); *Arevalo v. Oregon Dept. of Vehicles*, CV 00-263-BR, 2002 WL 1291325, at *4 (D. Or. Mar. 28, 2002) (finding rates reasonable despite being higher than rates previously awarded, noting that "inflation, general economic trends, and the pressures in this market since 1998 have led to a marked increase in the hourly rates charged by attorneys").

[2] *See U.S. Bureau of Labor Statistics, Consumer Price Index,* https://www.bls.gov/cpi/ (last visited July 30, 2023).

[3] *See Official Data Foundation, Prices for Legal Services,* https://www.officialdata.org/Legal-services/price-inflation (last visited July 30, 2023).

**Texas.**

Courts in the Northern District and across Texas have awarded comparable rates to attorneys in employment law cases. Mr. Willett' declaration highlights the Texas Employment Lawyer Association's Attorney's Fee Yearbook[4] to demonstrate that the requested rates are calibrated to other fee awards in the Northern District of Texas and throughout the state. Ex. A, ¶ 12. The study shows that the rates awarded to attorneys with similar experience have a wide range of fee awards in North Texas. *Id.*. For instance, for 30 employment lawyers who graduated from law school between 2000 and 2009, the awards had an average rate of $618.70 (showing awards from $470 per hour to $1,105 per hour). *Id.* (Yearbook, p. 35-36). Similarly, for 32 employment lawyers who graduated law school between 2010 and 2019, the average rate was $536.16 per hour (showing awards from $262.46 per hour to $1,131.92 per hour). *Id.* (Yearbook at p. 50-51).

### 6. Plaintiffs are entitled to fees for paralegals and law student clerks.

Fee awards must reflect the "increasingly widespread custom of separately billing for the services of paralegals and law students who serve as clerks." *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989). Billing for paralegals "is to be encouraged by separate compensation in order to reduce the time of more expensive counsel." *See Jacobs v. Mancuso*, 825 F.2d 559, 563 (1st Cir. 1987); *see also Spanish Action Committee v. City of Chicago*, 811 F.2d 1129, 1138 (7th Cir.1987) (separate compensation for paralegals "encourages cost-effective delivery of legal services").

Plaintiffs' requested rate of $175 for paralegal Stephanie Ramirez is well within the range of rates actually charged by paying clients and approved by courts for similar paralegals in other employment matters. *See, e.g., In re: 4 West Holdings, Inc.*, No. 18-30777 (Bankr. N.D. Tex.

---

[4] Available at https://www.mytela.org/?pg=Fee_Yearbook (last reviewed July 31, 2023).

Dallas) (Doc. 1485, order approving fees) (Doc. 1429, pp. 6, 11, fee application listing paralegals with rates between $135 and $375, and specifically $360 for a senior paralegal in employment group); *Adhikari v. Daoud & Partners*, No. 4:09-CV-1237, 2017 WL 5904782, at *14 (S.D. Tex. Nov. 30, 2017) (finding $280 for paralegals and law clerks reasonable in a labor trafficking case); *Clark v. Centene Corp.*, A-12-CA-174-SS, 2015 WL 6962894, at *9 (W.D. Tex. Nov. 10, 2015) (approving rates of $125 to $150 for paralegals, equating to a range of $160 to $192 when adjusted for inflation).

### B. The requested fee award demonstrates hours reasonably expended.

Plaintiffs' attorneys maintained detailed, contemporaneous records of their time spent on each task that was necessary to the litigation of this case. Those records are summarized in the spreadsheets attached hereto as Exhibits A-1, and B.

#### 1. Plaintiffs' attorneys reasonably and necessarily handled time-intensive tasks in this case.

Plaintiffs' attorneys represented four individual workers in this action that was originally filed on September 1, 2021 (doc. 1), and represented the four workers through a bench trial, and submission of post-trial briefing. The work included: preparing and filing the lawsuit; preparing and responding to written discovery; reviewing and analyzing documentary evidence; preparing for and participating in depositions; creating a damages model; preparing for and participating in mediation; drafting and conducting legal research for Plaintiff's Motion for Summary Judgment, trial preparation, including pre-trial pleadings, related legal research, strategy and planning conferences, client meetings, and drafting examination outlines and arguments; travel for the trial, attending trial; and post-trial briefing. *See,* Ex. A, ¶¶ 14-17; A-1; Ex. B, ¶ 25, B-2.

#### 2. Plaintiffs' attorneys have already exercised sound billing judgment to reduced their actual hours expended.

Plaintiffs' counsel has exercised billing judgment to write off time for duplicative tasks or

to reduce time for work that may have been unproductive or inefficient. *See* Ex. A, ¶ 15, A-1 (showing reduction of approximately 19% by writing off certain time entries). Any entries appearing in the attached records showing that multiple professionals spent time working simultaneously on the same or related tasks reflects that the professionals divided the task into discrete subparts and split the subparts between them. *Id.* All time for tasks that could have been performed by fewer timekeepers either was written off or was never recorded in the attached time records. *Id.* Additionally, Plaintiffs have not included in this request a number of nontaxable expenses that the attorneys incurred (which are recoverable as attorney's fees), such as copies, postage, and travel, which total approximately $1,400.

### 3. Plaintiffs are entitled to fees for work that developed all of their claims.

Fees cannot be awarded for time solely spent pursuing unsuccessful claims "that are based on different facts and legal theories" than the successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). However, "when claims . . . share a common core of facts or related legal theories, a fee applicant may claim all hours reasonably necessary to litigate those issues." *Monroe v. Houston Indep. School Dist.*, 2023 WL 1434280, *4 (5th Cir., February 1, 2023) (quoting *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022)). In such cases, "much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435. "Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

In this matter, Plaintiffs were not successful in proving that the FLSA violations were willful under the FLSA, and that the failure to pay overtime wages for work in California was

willful and in violation of the California waiting time laws. (doc. 61, p. 20-21; 38-39). However, the work performed developing those claims was intertwined with the underlying FLSA, breach of contract, and California state law claims for minimum wage and overtime violations, for which Plaintiffs achieved a successful result. (*id.*, p. 45).

### 4. Plaintiffs are entitled to recovery of nontaxable expenses.

Prevailing parties in FLSA cases are awarded nontaxable costs as part of a reasonable fee. *Lopez v. Eats*, 2023 U.S. Dist. LEXIS 111061 (N.D. Tex., June 28, 2023)(citing *Castro,* 2017 U.S. Dist. LEXIS 205355, 2017 WL 6381742, at *10). The types of litigation expenses that are recoverable under the FLSA include: "[r]eimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment." *Id.* (quoting *Hilton v. Exec. Self Storage Assocs. Inc.*, No. CIV.A. H-06-2744, 2009 U.S. Dist. LEXIS 51417, 2009 WL 1750121, at *16 (S.D. Tex. June 18, 2009)).

Plaintiffs have attached to their declarations their reports of reasonable nontaxable expenses necessarily incurred in this matter, which are customarily charged to fee-paying clients, for the following types of expenses. The expenses for which Plaintiffs' attorney seek to be included in a reasonable fee award total $7,479.75. (Ex. A, ¶13, A-1). The expenses and relevant invoices are attached to Mr. Willett's Declaration as Exhibit A-2, and include court reporter costs for a deposition, mediation costs, document services for trial exhibits, and interpreter services for trial. *Id.*

## IV.   JOHNSON FACTORS

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson* [*v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)].'" *Castro*, 2017 WL 6381742 at *2

(quoting *Black*, 732 F.3d at 502).[5]

### A. Plaintiffs do not seek an enhancement and a reduction is not warranted.

Plaintiffs do not request a fee enhancement, nor is any reduction warranted by any of the *Johnson* factors. The Supreme Court has established "a strong presumption that the lodestar is sufficient," requiring no adjustment based on the *Johnson* factors. *Perdue v. Kenny A.*, 559 U.S. 542, 546 (2010); *accord City of Burlington v. Dague*, 505 U.S. 557, 562 (1992); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 830 (5th Cir. 2003).

### B. Proportionality to the amount involved.

"[A] low damages award alone . . . should not lead the court to reduce a fee award."' *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 258 (5th Cir. 2018) (quoting *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013)). Indeed, "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007). In *Black v. SettlePou, PC.*, where a single plaintiff recovered less than $8,000 in damages, and the reasonable lodestar was $232,400.81, the Fifth Circuit held that "it would be an abuse of discretion for the district court to reduce [the plaintiff]'s attorney's fee award solely on the basis of the amount of damages obtained." 732 F.3d at 503; *see also Gurule*, 912 F.3d at 259 (approving $25,089.30 fee award that was more than 33 times the $745.21 net recovery); *Howe*, 215 Fed. Appx. 341 ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley v.*

---

[5] The *Johnson* factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

*Higgins*, 19 F.3d 1126, 1134-35 (6th Cir. 1994) ($7,680 in overtime compensation and $40,000 in attorneys' fees)); *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees).

"The whole purpose of fee-shifting statutes is to generate attorneys' fees that are disproportionate to the plaintiff's recovery." *Millea v. Metro-North Railroad Co.*, 658 F.3d 154, 169 (2d Cir. 2011). "Especially for claims where the financial recovery is likely to be small, calculating attorneys' fees as a proportion of damages runs directly contrary to the purpose of fee-shifting statutes: assuring that civil rights claims of modest cash value can attract competent counsel." *Id.* "Fee-shifting would not 'discourage petty tyranny' if attorney's fees were capped or measured by the amount in controversy." *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545-46 (7th Cir. 2009) (quoting *Barrow v. Falck*, 977 F.2d 1100, 1103 (7th Cir. 1992)). "Fee-shifting provisions signal Congress' intent that violations of particular laws be punished, and not just large violations that would already be checked through the incentives of the American Rule." *Id.*

### C. Degree of success.

"When a plaintiff obtains 'excellent results, his attorney[s] should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]'" *Castro*, 2017 WL 6381742 at *9 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 n.11 (1983). "[I]t is not 'necessarily significant that a prevailing plaintiff did not receive all the relief requested.'" *Id.* "In a lawsuit initiated under the FLSA, 'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced.'" *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006) (quoting *Singer v. City of Waco, Texas*, 324 F.3d 813, 830 (5th Cir. 2003); *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 558 (7th Cir.1999)).

Here, after a three-day trial, Plaintiffs successfully "established by a preponderance of evidence that Defendants violated the FLSA and California law and breached their contract." (doc. 61, p. 45).

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court award attorney's fees in the requested lodestar amount of $140,438.00, and, in addition to the amount set forth in their Bill of Costs (doc. 62), their recoverable expenses in the amount of $7,479.75. for a reasonable attorney fee award of $147,917.75.

Respectfully submitted,

/s/ Christopher J. Willett
Christopher J. Willett
Texas State Bar No. 24061895
Email: cwillett@equaljusticecenter.org
**EQUAL JUSTICE CENTER**
314 E. Highland Mall Blvd., Ste. 401
Austin, Texas 78752
Tel.: (512) 474-0007 ext-107
Fax: (512) 474-0008

JAVIER PEREZ
Texas State Bar No. 24083650
Email: javier@javierperezlaw.com
**PEREZ LAW FIRM**
3400 Carlisle Street, Suite 200
Dallas, Texas 75204
Tel.: (214) 499-0667

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

  I hereby certify that I filed the attached document using the Court's electronic filing system on July 31, 2023. A copy will be delivered to counsel of record for all parties through the ECF system. I hereby certify that I have also forwarded an electronic copy of this document in Word format to ramirez_orders@txnd.uscourts.gov.

                /s/ Christopher J. Willett
                Christopher J. Willett