IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR CORTES-CASTILLO, et al., | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-2093-BH |
| | § | |
| ONE TIME CONSTRUCTION TEXAS | § | |
| LLC, et al., | § | |
|     Defendants. | § | Consent Case[1] |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings, evidence, and applicable law, *Plaintiffs' Motion for Attorney's Fees and Recoverable Expenses*, filed July 31, 2023 (doc. 64), is **GRANTED**.

### I.  BACKGROUND

This application for attorney's fees and costs arises out of a lawsuit filed by Edgar Cortes-Castillo, Leonel Cortez-Suarez, Ivan Delgado-Valdez, and Ivan Delgado-Soriano (collectively Plaintiffs) against One Time Construction Texas LLC (OTTX), One Time Construction, Inc. (OTCA), and Shay Fretwell (Owner) (collectively Defendants), for unpaid wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, breach of contract, and violations of California Labor Code §§ 200, 510, California Industrial Welfare Commission (IWC) Wage Order No. 16 (Wage Order 16), and the California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.* (doc. 1 at 7-11.)[2] OTTX and Owner also asserted a counterclaim for breach of contract against Plaintiffs for damages proximately caused by their failure to perform as contracted. (doc. 6 at 7.)

---

[1] By consent of the parties and order filed November 17, 2021 (doc. 14), this matter has been transferred for the conduct of all further proceedings and the entry of judgment.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On September 15, 2022, Plaintiffs' partial motion for summary judgment was granted on the issue of OTCA's status as an FLSA-covered enterprise. (doc. 35.) After a three-day bench trial, the Court found that (1) Plaintiffs are entitled to relief on their claims against OTTX and Owner for failure to pay overtime and minimum wages under the FLSA, for breach of contract, and failure to pay overtime wages in violation of Labor Code § 510, Wage Order 16, and the UCL, (2) Plaintiffs shall take nothing on their claims against OTCA and Owner for FLSA overtime violations in California or for waiting time penalties under Labor Code § 203, and (3) OTTX and Owner are not entitled to relief on their breach of contract counterclaim against Plaintiffs, and awarding judgment in favor of Plaintiffs and against Defendants for damages in the total amount of $64,303.31. (doc. 61 at 45.) Judgment was entered on July 17, 2023. (doc. 62.)

On July 31, 2023, Plaintiffs moved for attorney's fees and costs under Fed. R .Civ. P. 54(d)(2), 29 U.S.C. § 216(b), Chapter 38 of the Texas Civil Practice and Remedies Code, and California Labor Code §§ 218.5 and 1194, and they submitted a bill of costs. (docs. 63, 64.) Defendants neither responded to the motion nor objected to the costs requested by Plaintiffs. Costs were taxed against Defendants on August 21, 2023. (doc. 66.)

## II.  ATTORNEY'S FEES

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *see Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) (holding that reasonable attorney's fees are mandatory if an employer violates the FLSA). "Under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory under Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000). Similarly, an award of reasonable

2

attorney's fees is mandatory for the prevailing party in an action for unpaid wages under California law. *See* Cal. Labor Code § 218.5 ("In any action brought for the nonpayment of wages ... the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); *see also Drumm v. Morningstar, Inc.*, 695 F. Supp.2d 1014, 1018 (N.D.Cal. 2010) ("The awarding of attorney's fees is 'mandatory' in [California] unpaid wage claims."). Federal and state courts in Texas and California have adopted the lodestar method for calculating reasonable attorney's fees. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) ("This Court uses the 'lodestar' method to calculate attorney's fees.") (citation omitted); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817-18 (Tex. 1997); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *Ketchum v. Moss*, 24 Cal.4th 1122, 1132 (2001).

In adjudicating an attorney's fee award, a court first calculates a lodestar fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). In the second step of the lodestar method, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors[3] established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See La. Power & Light Co.*, 50 F.3d

---

[3] The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

at 331.[4] "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). The most critical factor in determining the reasonableness of an attorney's fee award is the degree of success obtained. *Hensley*, 461 U.S. at 436.

A. <u>**The Lodestar**</u>

In support of their application, Plaintiffs submit time records, declarations, invoices, and other fee award cases. (*See* docs. 64-1–64-5.)

    1.    *Reasonable hourly rate*

Plaintiffs have the burden of showing that their counsels' hourly rates are reasonable. *La. Power & Light Co.*, 50 F.3d at 324. "Typically, the Court receives copies of resumes or summaries of the qualifications of attorneys involved in the litigation, as well as information regarding the individuals' litigation skills generally." *Neles–Jamesbury, Inc. v. Bill's Valves*, 974 F. Supp. 979, 987 n.19 (S.D. Tex. May 30, 1997). Further, "[t]o inform and assist the court in the exercise of its discretion [in analyzing reasonable hourly rate], the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. A rate determined in this way is normally deemed to be reasonable, and is referred to—for convenience—as the prevailing market rate." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (emphasis added); *see Tollett v. City of Kemah*, 285 F.3d 357, 368

---

[4]Texas and California courts engage in a similar lodestar analysis with many of the same factors. *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000) (noting that Texas courts use factors similar to those used in federal courts in awarding attorney's fees); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting the *Johnson* factors); *see also Arthur Andersen*, 945 S.W.2d at 817-18; *Ketchum*, 24 Cal.4th at 1132.

(5th Cir. 2002) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.").

Here, Plaintiffs seek rates between $440 and $485 per hour for four attorneys, $260 per hour for a law school graduate, and $175 per hour for a paralegal and law school clerk. (doc. 64 at 7.) They submit the declaration of lead counsel Christopher Willett, who addresses his background and qualifications, the skills and competency of the other attorneys and legal support staff at the Equal Justice Center (EJC), and the hourly rates of the EJC and in the Northern District of Texas market for employment litigation. (*See* doc. 64-1.) He avers that "the requested rates are reasonable and well within the range of what attorneys with comparable skill and experience charge." (*Id.* at 5.) They submit the resume and declaration of Javier Perez who generally addresses his own qualifications and the reasonableness of the hourly rate of his firm. (*See* doc. 64-3.) Plaintiffs also provide the supporting declarations of two Texas employment attorneys familiar with the rates customarily charged by attorneys of comparable skill, expertise, and experience in the Northern District of Texas who opine on the reasonableness of the requested rates. (*See* docs. 64-5.) Additionally, they reference the *Texas Employment Lawyer Association's 2023 Attorney's Fee Yearbook* and recent fee awards in other FLSA cases to establish the reasonableness of the hourly rates requested for the Northern District of Texas area. (docs. 64 at 13; 64-3.) The hourly rates are consistent with the prevailing market rates in this area, they are reasonable, and Defendants have not objected. *See, e.g., Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-CV-1091-X-BN, 2023 WL 4551576, at *5 (N.D. Tex. June 28, 2023), *adopted by* 2023 WL 4553384 (N.D. Tex. July 14, 2023) (finding hourly rates of $175 for law clerks and legal support staff and $475 for attorneys reasonable for FLSA case); *Hardy v. SDM Hosp., LLC*, No. 20-CV-3157-S-BK, 2022 WL 272718, at *6 (N.D. Tex. Jan. 10, 2022), *adopted by* 2022 WL 271751 (N.D. Tex. Jan. 28, 2022) (approving attorney hourly rate of $525 in

FLSA default judgment case); *Kostic v. Texas A&M Univ.-Com.*, No. 3:10-CV-2265-M, 2015 WL 9997211, at *3 (N.D. Tex. Dec. 28, 2015), *adopted by* 2016 WL 407357 (N.D. Tex. Feb. 3, 2016) (approving an hourly rate of $650.00 for an experienced employment law attorney in a Title VII case); *see also S & H Indus., Inc. v. Selander*, No. 3:11-CV-2988-M-BH, 2013 WL 6332993, at *3 n.4 (N.D. Tex. Dec. 5, 2013) ("When the hourly rate is not objected to by the opposing party, some courts have accepted the fee applicant's asserted reasonable hourly rate.").

### 2. *Reasonable number of hours*

In order to determine the reasonable number of hours expended in a case, "[t]he party seeking attorney's fees must present adequately documented time records to the court." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). "[T]he documentation must be sufficient for the court to verify that the applicant has met its burden." *La. Power & Light Co.*, 50 F.3d at 325 (citation omitted). Contemporaneous billing records are acceptable documentation for determination of reasonable hours. *See Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990).

Additionally, "[p]laintiffs seeking attorney's fees have the burden of showing the reasonableness of the hours billed and that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Billing judgment "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours[, and p]laintiffs submitting fee requests are required to exercise billing judgment." *Walker v. U.S. Dept. of Housing and Urban Development*, 99 F.3d 761, 769 (5th Cir. 1996). "The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan*, 448 F.3d at 799.

Here, Plaintiffs submit a spreadsheet with detailed time entries, covering the period from July 1, 2021 through July 31, 2023. (*See* doc. 64-2 at 2-11.) It reflects 328.3 hours for a total of

6

$140,438.00: 94.2 hours at $485; 141.7 at $440; 18.1 hours at $450; 9.8 hours at $260; 8 hours at $175; 18.6 hours at $175; and 37.9 hours at $450. (*Id.*) It also reflects that Plaintiffs' counsel recorded a total of 404.9 hours litigating this matter and wrote off 76.6 hours of attorney and legal support staff time. (*Id.*) Mr. Willett avers that "after writing off numerous hours in the exercise of billing judgment, EJC has reduced the requested lodestar by approximately 19%." (doc. 64-1 at 6.) This is consistent with amounts reduced by courts when applicants have failed to provide evidence of their billing judgment. *See, e.g., Walker*, 99 F.3d at 770 (reducing applicants requested fees by 15% "to substitute for the exercise of billing judgment" of the plaintiff's attorney); *Leroy v. City of Houston*, 831 F.2d 576, 585-86 (5th Cir. 1987) (ordering a 13% reduction when plaintiff's attorney made no reduction to the lodestar for billing judgment); *Saizan*, 448 F.3d at 800 (affirming a 10% reduction by the trial court where plaintiff failed to provide evidence of billing judgment). Defendants have not objected to any of the hours requested. Plaintiffs have established a lodestar amount of $140,438.00.

B.  **Adjustments to Lodestar**

Next, a court must determine whether the lodestar value should be adjusted based on the twelve *Johnson* factors. *See La. Power & Light Co.*, 50 F.3d at 331. If a particular factor is subsumed in the lodestar, it may not be used to adjust the lodestar amount. *See Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993)). None of the parties argue for an adjustment to the lodestar, and there is a strong presumption that the lodestar figure represents a reasonable attorney's fee. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 541 (5th Cir. 1992). The *Johnson* factors are accurately reflected in the lodestar amount and no departure is necessary. Accordingly, Plaintiffs are entitled to $140,438.00 in attorney's fees.

### III.  COSTS

Under the FLSA, the prevailing plaintiff is entitled to the recovery of "costs of the action." 29 U.S.C. § 216(b). In addition to taxable costs listed under 28 U.S.C. § 1920,[5] "Texas District Courts have also determined that [nontaxable] costs are ... appropriately awarded to prevailing parties in FLSA cases as part of a reasonable fee." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp.3d 619, 629-30 (W.D. Tex. 2015). Reasonable litigation expenses recoverable under the FLSA include "costs for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment litigation expenses are also recoverable under the FLSA as part of an attorney's fee award." *Rouse v. Target Corp.*, 181 F. Supp.3d 379, 392 (S.D. Tex. 2016).

Plaintiffs seek $7,479.75 in expenses incurred in litigating this case, including court reporter costs for a deposition, mediation costs, document services for trial exhibits, and interpreter services for trial. (doc. 64 at 16.) They submit invoices in support of this total. (doc. 64-2 at 13-18.) Defendants raise no objections to the costs sought by Plaintiffs. Accordingly, the motion for these requested costs is granted.

### IV.  CONCLUSION

Plaintiffs' motion for attorney's fees and costs is **GRANTED**, and they are awarded $140,438.00 in attorney's fees and $7,479.75 in costs from Defendants.

---

[5]Taxable costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. § 1920.

**SO ORDERED** on this 8th day of September, 2023.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE